UNITED STATES DISTRICT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| MARK A. MORAD, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO.: |
| | § | |
| vs. | § | SECTION: |
| | § | |
| LINO J. AVIZ, AVIZ HOME | § | MAGISTRATE: |
| IMPROVEMENT & GENERAL | § | |
| CONTRACTOR, INC., | § | |
| and NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendants,* | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**
_____

Mark A. Morad submits this Original Complaint and Demand for Jury Trial (the "Complaint") against Defendants, Lino J. Aviz, Aviz Home Improvement & General Contractor, Inc., and Nationwide Mutual Insurance Company.

## I.   PARTIES

1.     Mark A. Morad ("Plaintiff") is an individual of the full age of majority, and upon information and belief, is domiciled in the Parish of St. Tammany, State of Louisiana.

2.     Defendant, Lino J. Aviz ("Aviz"), is an individual of the full age of majority and, upon information and belief, is domiciled in the County of Jackson, State of Mississippi. Aviz is a general contractor, licensed in the State of Mississippi as a residential builder, State Board of

Contractors Number R16532, who provides and oversees commercial and residential construction services.

3. Defendant, Aviz Home Improvement & General Contractor, Inc. ("Aviz Home Improvement") is a corporation incorporated under Mississippi law with its principal place of business located at 1304 Queen Park Circle, Ocean Springs, Mississippi 39566. Aviz Home Improvement is registered with the State Board of Contractors for the State of Mississippi, Residential Builder's License Number R16532, and provides construction related services, including historic restaurant construction, new construction, floor installation, plumbing, electrical, and general brick installation.

4. Defendant, Nationwide Mutual Insurance Company ("Nationwide") is an Ohio insurance company that is authorized to do and is doing business in the State of Louisiana, and at all times pertinent was Aviz's commercial general liability insurer and issued Aviz Home Improvement & General Contractor policy number ACP GLO 5605011402, effective April 7, 2011, for work to be performed on Plaintiff's residence located at 3132 Sunrise Boulevard, Slidell, Louisiana.

## II. VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction via diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), as the citizenship of the plaintiff is diverse from the citizenship of all defendants and the amount in controversy exceeds the principal sum of $75,000, excluding interest and costs.

6. Jurisdiction and venue are proper in the United States Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2), because the actions that form the basis of this complaint were performed within this District.

### III.    FACTUAL BACKGROUND

7. On or about April 12, 2011, Plaintiff and Aviz executed agreements for Aviz Home Improvement to provide certain labor, services, and materials for the installation of a driveway, walkway, and patio in the front of and on both sides of Plaintiff's residence located at 3132 Sunrise Boulevard, Slidell, Louisiana (the "Contract"). Copies of the work orders and invoices are attached hereto in globo as **Exhibit A.**

8. Pursuant to the Contract, Aviz Home Improvement was to use 3.5-inch concrete pavers ("pavers") to build the driveway, walkway, and patio (the "Project") in order to support the weight of automobiles and heavy lawn furniture.

9. Proper construction of the driveway, walkway, and patio required that Aviz Home Improvement dig a four-inch deep area, approximately 4700 square feet in size, in the Plaintiff's yard in which to place sand, gravel, limestone, peat, and a tarp underneath the pavers to assure that the driveway and surrounding area was level.

10. Completion of the Project occurred on or about September 15, 2011.

11. Subsequent to the completion of the Project, Plaintiff contracted with Aviz to have Aviz Home Improvement repair the stucco on the exterior of the residence, to repair certain windows, and to construct a flower bed.

12. Aviz was paid in full for the construction of the driveway, walkway, and patio by Aviz Home Improvement, which totaled in excess of $75,000.

13. Plaintiff paid Aviz additional amounts in anticipation of the repairs to the stucco and windows, and the construction of a flower bed by Aviz Home Improvement.

14. On or about January 12, 2012, Plaintiff noticed cracked and broken pavers throughout the Project.

15. Plaintiff also noticed that large areas of the Project had begun to sink and that the surface of the Project took on a cloudy or opaque appearance.

16. Subsequent to the work performed by Aviz Home Improvement, Plaintiff discovered that Aviz's crew damaged Plaintiff's underground sprinkler systems.

17. Plaintiff notified Aviz in February 2012 that the work performed by Aviz Home Improvement was substandard.

18. Plaintiff advised Aviz that the windows had not been repaired despite even though Plaintiff paid him for the work and that his workers damaged the underground sprinkler system during construction of the Project.

19. Despite Plaintiffs' numerous telephone calls to Aviz, Plaintiff's calls were never returned. In fact, Plaintiff was told by Aviz's spouse to stop calling.

## IV.   PROFESSIONAL NEGLIGENCE

20. Because Aviz refused to repair the defective work performed by Aviz Home Improvement, Plaintiff was forced to hire another contactor to demolish Aviz Home Improvement's work and construct a new driveway, walkway, and patio, as well as to repair the windows and the underground sprinkler system damaged by Aviz Home Improvement.

21. Plaintiff was advised by the new contractor that Aviz Home Improvement used yard grade pavers instead of driveway grade pavers. Yard grade pavers are one and one-half (1½") inches thick instead of the requisite three and one-half (3 ½") inches.

22. Plaintiff was further informed by the new contractor that Aviz Home Improvement failed to dig deep enough to accommodate the multiple layers of filler required under the pavers for proper support to prevent subsidence and breakage.

23. Additionally, Plaintiff was advised by the new contractor that Aviz Home Improvement failed to use the proper amount of fillers under the pavers to prevent subsidence and to adequately support the weight of automobiles.

24. Plaintiff was advised by the new contractor that Aviz Home Improvement used the incorrect sealer on the pavers and that the type of sealer used by Aviz Home Improvement was not designed for use over a driveway.

25. To Plaintiff's detriment, Plaintiff relied on the representations of Aviz that Aviz Home Improvement was a Mississippi-licensed general contractor which was able to perform the requested Project in a professional workmanlike manner, when in fact Aviz knowingly permitted the license of Aviz Home Improvement to expire during the course of the Project and failed to renew it.

26. Aviz and Aviz Home Improvement owed a duty to perform their services in accordance with the care and skill normally exercised by similarly situated general contractors on similar projects, and in accordance with industry standards.

27. Included within the standard of care required by the industry and under these circumstances was the duty by Aviz to perform a Quality Assurance/Quality Control review of the work performed by Aviz Home Improvement.

28. Aviz and Aviz Home Improvement have therefore materially breached their contract with Plaintiff by performing substandard and defective construction for which payment in full was made by Plaintiff.

29. Aviz and Aviz Home Improvement were paid for work that was never performed.

30. In addition to the amounts paid to Aviz for the substandard and defective work performed by Aviz Home Improvement in excess of $75,000, Plaintiff had to pay additional

amounts to the new contractor to repair the underground sprinkler system because of the negligence of Aviz Home Improvement as well additional sums to the new contractor to demolish the defective work performed by Aviz's crew in its entirety and rebuild a new driveway, walkway and patio. Accordingly, Plaintiff has incurred costs and expenses in excess of $150,000 in connection with the initial installation of the driveway area and the subsequent demolition and reconstruction of the Project, repairs to the underground sprinkler system and windows.

## V.    BREACH OF CONTRACT

31.    Aviz Home Improvement failed to perform its obligation to Plaintiff or performed them in an unprofessional and/or unworkmanlike manner in breach of its contractual obligation to Plaintiff in breach of the applicable standard of care.

33.    Plaintiff suffered damages as a result of Aviz's negligence and in misrepresenting to Plaintiff that the work would be performed in a professional and workmanlike manner.

34.    Plaintiff likewise suffered damages as a result of Aviz Home Improvement's negligence by failing to perform or performing in an unprofessional and unworkmanlike manner in breach of the applicable standard of care.

35.    Aviz and Aviz Home Improvement are liable to Plaintiff for the resulting damage and for all costs related to the subsequent reconstruction of Plaintiff's driveway, walkway, and patio and repairs to Plaintiff's underground sprinkler system and windows.

## VI.    REHIBITION

36.    The construction defects discovered by Plaintiff in the work performed by Aviz and Aviz Home Improvement meet the definition of a redhibitory defect as defined in La. Civil Code arts. 2520, et seq.

37. The defects found in the work performed by Aviz and Aviz Home Improvement include, but are not limited to, improperly and negligently installed pavers on the driveway, walkway, and patio surrounding Plaintiff's residence and extensive damage to Plaintiff's existing underground sprinkler system.

38. Defendants Aviz and Aviz Home Improvement were given an opportunity to repair the construction defects but failed to do so.

39. Defendants Aviz and Aviz Home Improvement fraudulently represented to Plaintiff that the installation of the driveway, walkway, and patio surrounding Plaintiff's residence had been properly performed by a licensed and insured contractor.

40. Defendants Aviz and Aviz Home Improvement knew or should have known of the defects or vices in the installation of the driveway, walkway, and patio but failed to disclose their existence to Plaintiff at the end of the Project.

41. The defects in the installation of the driveway, walkway, and patio surrounding Plaintiff's residence performed by Aviz and Aviz Home Improvements were made evident during the remedial work performed by a subsequent contractor retained by Plaintiff when efforts to contact Aviz and Aviz Home Improvement were unsuccessful.

42. As a result of the foregoing, Plaintiff suffered extreme inconvenience and expenses to repair the work performed by Aviz and Aviz Home Improvement.

43. Plaintiff is entitled to a refund of the cost to install the driveway, walkway, and patio surrounding Plaintiff's residence and the cost to repair the damaged underground sprinkler system, as well as the amounts paid to Aviz and Aviz Home Improvements to repair the windows, which were not repaired.

## VII.  ATTORNEYS' FEES

44. As a result of Defendants', Aviz and Aviz Home Improvement, actions, Plaintiff has been required to employ the law firm of Montgomery Barnett, L.L.P., a Louisiana-licensed law firm, to represent Plaintiff, Mark A. Morad, and Plaintiff has agreed to pay said attorneys a reasonable fee for their services.  Plaintiff seeks recovery of the reasonable and necessary attorneys' fees expended, as well as all costs of court extended herein.

## VIII.  INTEREST

45. If Plaintiff is allowed to recover under any theory pled in this cause of action against Defendants, Plaintiff is entitled to all prejudgment interest entitled it at the highest rate allowed by law.

46. If Plaintiff is allowed to recover under any theory pled in this cause of action against Defendants, Plaintiff is entitled to all post-judgment interest entitled it at the highest rate allowed by law.

## IX.  DEMAND FOR JURY TRIAL

47. Pursuant to FRCP 38, Plaintiff hereby requests a trial by jury.

## X.  PRAYER

**WHEREFORE**, all premises considered, Plaintiff, Mark A. Morad, prays that Defendants Lino J. Aviz, Aviz Home Improvement and General Contractor, Inc., and Nationwide Mutual Insurance Company be duly served with a copy of this Complaint, cited to appear and answer same, and that after legal delays and due proceedings had, there be judgment in favor of Plaintiff, Mark A. Morad, and against Defendants Lino J. Aviz, Aviz Home Improvement and General Contractor, Inc., and Nationwide Mutual Insurance Company jointly,

*in solido*, and severally for such damages as will be proven at the trial of this matter and for such other and further relief as the Court may deem necessary and/or appropriate.

> Respectfully submitted,
>
> **MONTGOMERY BARNETT, L.L.P.**
>
> BY:   *Dorothy L. Tarver*
>
> DOROTHY L. TARVER (La. Bar No. 29714)
> ASHLEY L. BELLEAU (La. Bar No. 14077)
> RYAN M. McCABE (La. Bar No. 31254)
> 3300 Engery Centre
> 1100 Poydras Street
> New Orleans, Louisiana 70163-3300
> Telephone:    (504) 585-3200
> Facsimile:     (504) 585-7688
> dtarver@monbar.com; abelleau@monbar.com
> rmccabe@monbar.com
> *Attorneys for Mark A. Morad*